JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App. R. 11.1(E) and Loc. R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct. R.Rep.Op. 3(A).
Defendant-appellant Charisse Booker appeals from the judgment of the Hamilton County Municipal Court, entered following a bench trial, convicting her of child endangering under R.C. 2919.22. In a single assignment of error, Booker contends that the conviction was based upon insufficient evidence, as the state failed to prove the identity of the child victims and that she had created a substantial risk to the health or safety of the children.
An investigator from the Hamilton County Department of Jobs and Family Services testified that she had visited Booker's apartment in response to a complaint about its conditions. When she arrived, Booker and her sister were present with three children, all under the age of three. Booker told the investigator that one of the children was hers and that the other two were her sister's children. Booker stated that the two had custody of the children. The investigator testified that there was old food, soiled diapers, and other garbage strewn about the residence. Overturned mattresses, numerous toys, clothing, and other items were also scattered throughout the apartment, which had a strong odor of rotting food or garbage. A police officer substantially corroborated the investigator's testimony, adding that a doorframe with exposed nails had been left on the floor. The state presented the trial court with four photographs of the residence.
The child-endangering statute, R.C. 2919.22, provides that "[n]o person, who is the parent, guardian, custodian, person having custody or control, or person in loco parentis of a child under eighteen years of age * * * shall create a substantial risk to the health or safety of the child, by violating a duty of care, protection, or support." The term "substantial risk" is defined in R.C. 2901.01(A)(8) as a "strong possibility, as contrasted with a remote or significant possibility, that a certain result may occur or that certain circumstances may exist."
Booker argues that the state did not prove that the two children named as victims in the complaint were present in the apartment on the date of the alleged offense. Proof of the identity of the alleged victims is not required when it is not an essential element of the offense. See Statev. Martin, 10th Dist. Nos. 02AP-33 and 02AP-34, 2002-Ohio-4769, at ¶ 35. Here, the state presented testimony indicating that at least one of the children in the apartment was Booker's child and that she and her sister had custody of all the children. That evidence was sufficient to establish that Booker owed the children a duty of care as described in R.C. 2919.22.
Booker next argues that the state failed to prove that she had created a substantial risk of harm to the children. The trial testimony, together with the photographs introduced into evidence, indicated that the apartment was extremely dirty and that the children were placed at a substantial risk of harm by the filth and by the exposed nails of the doorframe.
The record contains substantial, credible evidence from which the trial court, sitting as the trier of fact, could have reasonably concluded that the state had proved all elements of the charged crime beyond a reasonable doubt, including that Booker, as a parent, created a substantial risk to the health or safety of her children by violating a duty of care, protection, or support. See State v. Waddy (1991),63 Ohio St.3d 424, 588 N.E.2d 819, certiorari denied (1992), 506 U.S. 921,113 S.Ct. 338. The assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App. R. 27. Costs shall be taxed under App. R. 24.
Hildebrandt, P.J., Gorman and Sundermann, JJ.